IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ERIC GILBERT,
*Derivatively on Behalf of Altria Group, Inc.*
    Plaintiff,

    v.                                  Civil No. 3:20cv772 (DJN)

WILLIAM F. GIFFORD, JR., *et al.*,
    Defendants.

---

DAVID HAMILTON,
*Derivatively on Behalf of Altria Group, Inc.*
    Plaintiff,

    v.                                  Civil No. 3:21cv47 (DJN)

WILLIAM F. GIFFORD, JR., *et al.*,
    Defendants.

---

THOMAS SANDYS,
*On Behanlf of Himslef and Derivatively*
*on Behalf of Altria Group, Inc.*
    Plaintiff,

    v.                                  Civil No. 3:21cv198 (DJN)

HOWARD A. WILLARD, III, *et al.*,
    Defendants.

---

*(Caption continued on following page)*

MARIA CECILIA LORCA,
*Derivatively on Behalf of Altria Group, Inc.*
      Plaintiff,

      v.                                  Civil No. 3:21cv199 (DJN)

WILLIAM F. GIFFORD, JR., *et al.*,
      Defendants.

---

MARGARET A. RANDOLPH, TRUSTEE FOR
THE MARGARET A. RANDOLPH REVOCABLE
TRUST U/A 03/06/97,
*Derivatively on Behalf of Altria Group, Inc.*
      Plaintiff,

      v.                                  Civil No. 3:21cv209 (DJN)

WILLIAM F. GIFFORD, JR., *et al.*,
      Defendants.

## ORDER
### (Granting Motion to Consolidate Related Actions)

This matter comes before the Court on the Joint Motion to Consolidate Related Shareholder Derivative Actions and Set Briefing Schedule for the Appointment of Lead Plaintiff and Lead Counsel (ECF No. 20), moving the Court to consolidate five related shareholder derivative actions and set a briefing schedule for the appointment of lead plaintiff and lead counsel. The Joint Motion (ECF No. 20) is hereby GRANTED.

Federal Rule of Civil Procedure 42(a) states that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). District courts have broad discretion under Rule 42 to consolidate cases pending in the same district. *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 959 (4th Cir. 1999). In exercising this discretion, courts weigh "the specific risks of prejudice and possible confusion from

2

consolidation" against the "risk of inconsistent adjudications, the burden on parties, witnesses, and available resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense. . . ." *Campbell v. Boston Scientific Corporation*, 882 F.3d 70, 74 (4th Cir. 2018) (internal quotations omitted).

Here, the Court finds that consolidation would not prejudice any party and that all factors weigh in favor of consolidation. Accordingly, it is hereby ORDERED that:

1.    The following actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 3:20-cv-00772-DJN, pursuant to Fed. R. Civ. P. 42(a):

| **Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Gilbert v. Gifford, Jr., et al.* | 3:20-cv-00772-DJN | October 1, 2020 |
| *Hamilton v. Gifford, Jr., et al.* | 3:21-cv-00047-DJN | January 25, 2021 |
| *Sandys v. Willard, et al.* | 3:21-cv-00198-DJN | August 7, 2020 |
| *Lorca v. Gifford, Jr., et al.* | 3:21-cv-00199-DJN | August 27, 2020 |
| *Randolph v. Gifford, Jr., et al.* | 3:21-cv-00209-DJN | March 28, 2021 |

2.    Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| IN RE ALTRIA GROUP, INC. DERIVATIVE LITIGATION | Lead Case No. 3:20cv772 (DJN) |
|---|---|

4.    All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 3:20-cv-00772-DJN.

5.    This Order approving the parties' stipulation shall apply to each case arising out of the same or similar transactions and/or events as the Related Derivative Actions which is subsequently filed in, remanded to, or transferred to this Court. When a case which properly belongs as part of *In re Altria Group, Inc. Derivative Litigation*, Lead Case No.  3:20cv772 (DJN), is hereafter filed in, remanded to, or transferred to this Court, counsel for the parties shall call such filing, remand, or transfer to the attention of the clerk of this Court for purposes of moving the Court for an order consolidating such case(s). Counsel for the parties will further assist in assuring that counsel for the parties in such subsequent action(s) receive notice of this Order.

6.    This Order is without prejudice to any and all rights and defenses which the defendants may assert in this or any of the above-referenced actions and without prejudice to any and all claims plaintiffs may  assert.

7.    Opening briefs in support of the anticipated competing motions for appointment of Lead Plaintiff and Lead Counsel shall be filed on April 21, 2021, and opposition briefs shall be filed on May 5, 2021, with no reply briefs to be filed, unless ordered by the  Court.

6.    Defendants need not respond to the complaints filed in the Related Derivative Actions or any other complaint now pending before, or later filed in, remanded to, or transferred to, this Court which arises out of the same or similar facts and allegations as contained in the Related Derivative  Actions.

7.    Within thirty days (30) days after issuance of an Order appointing Lead Plaintiff and Lead Counsel, Lead Counsel and counsel for defendants shall meet and

4

confer regarding scheduling and any other matters, and thereafter file a joint status report
to the Court within ten (10) days thereafter.

    The Clerk is directed to send a copy of this Order to all counsel of record.

    It is so ORDERED.

                                   /s/
                              David J. Novak
                              United States District Judge

Richmond, Virginia
Date:  April 14, 2021