IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| IN RE ALTRIA GROUP, INC. DERIVATIVE LITIGATION | Lead Case No. 3:20cv772 (DJN) |

**MEMORANDUM ORDER**
**(Appointing Lead Plaintiffs and Lead Counsel)**

Various plaintiffs filed five different shareholder derivative actions against present and former directors and officers of Altria Group, Inc. ("Altria") and certain of the current and former directors and officers of JUUL Labs, Inc. ("JUUL"), stemming from Altria's failed investment in JUUL. The Court consolidated the five actions into this case. (ECF No. 25.) Now, different plaintiffs and their counsel seek appointment as lead plaintiffs and lead counsel. This matter comes before the Court on Plaintiffs Eric Gilbert ("Gilbert") and Thomas Sandys's ("Sandys") Motion to Appoint Co-Lead Plaintiffs and Approve Co-Lead Plaintiffs' Selection of Co-Lead and Liaison Counsel (ECF No. 60) and Plaintiff Margaret A. Randolph, Trustee for the Margaret A. Randolph Revocable Trust U/A 03/06/97 ("Randolph"), Motion for Appointment of Lead Plaintiff, Lead Counsel, and Liaison Counsel (ECF No. 62). Both movants filed oppositions (ECF Nos. 85, 87)[1], and Randolph filed a reply (ECF No. 93). For the reasons stated below, the Court hereby GRANTS Gilbert and Sandys' Motion (ECF No. 60) and hereby DENIES Randolph's Motion (ECF No. 62).

---

[1] Defendant Altria also filed an Opposition to the Appointment of Motley Rice as Co-Lead Counsel (ECF No. 88).

### A. Appointment of Lead Plaintiffs

In a shareholder derivative suit, Federal Rule of Civil Procedure 23.1 provides that a lead plaintiff must "fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." Fed. R. Civ. P. 23.1. In determining whether a lead plaintiff can adequately represent the interest of the shareholders, courts look at factors including "(1) whether the plaintiff held shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether the plaintiff is subject to unique defenses that would make appointment problematic." *Wright v. Krispy Kreme Doughnuts, Inc.*, 232 F.R.D. 528, 530 (W.D.N.C. Oct. 28, 2005).

Here, the Court finds that Gilbert, Sandys and Randolph all pass this adequacy threshold. Gilbert has owned Altria stock continuously since September 2016, Sandys since 1991 and Randolph since 2002. Additionally, the Court finds that capable counsel represent all three. Shuman, Glenn & Stecker ("SGS"), Scott+Scott Attorneys at Law, LLP ("Scott+Scott"), Motley Rice LLC ("Motley Rice") and Rigrodsky Law P.A. ("Rigrodsky") all have experience bringing shareholder derivative suits and have achieved considerable success for their clients. Finally, the Court can discern no unique defenses that would make the appointment of Gilbert, Sandys or Randolph problematic. Because the Court finds all three proposed lead plaintiffs adequate, it must choose which to appoint.

To determine which lead plaintiffs to appoint among adequate plaintiffs, courts look to who "will best represent shareholder interests." *KBC Asset Management NV on behalf of Chemed Corp. v. McNamara*, 78 F. Supp. 3d 599, 603 (D. Del. 2015). To make this determination, courts consider the following factors: "(1) which plaintiff has the largest financial interest; (2) the preference for institutional investors to lead a lawsuit for shareholders; (3) the

2

quality of the pleadings; (4) the vigor with which the plaintiff has pursued the suit; and (5) the plaintiff's arrangement on the payment of attorney's fees." *Id.* at 604. The relevant factors here weigh in favor of the appointment of Gilbert and Sandys.

First, Gilbert and Sandys have a larger financial stake in the outcome of this case than does Randolph. Gilbert owns 1,300 shares of Altria stock and Sandys owns at least 300 shares of Altria stock. (Plaintiffs Eric Gilbert and Thomas Sandys' Mem. of Law in Supp. of Their Mot. to Appoint Co-Lead Plaintiffs and Approve Co-Lead Plaintiffs' Selection of Co-Lead and Liaison Counsel ("Gilbert and Sandys Mem.") (ECF No. 61) at 8.) Conversely, Randolph owns 65 shares. (Mem. of Law in Supp. of Plaintiff Margaret A. Randolph's Trustee for the Margaret A. Randolph Revocable Trust U/A 03/06/97, Mot. for Appointment of Lead Plaintiff, Lead Counsel, and Liaison Counsel ("Randolph Mem.") (ECF No. 63) at 19.) The fact that these totals pale in comparison to the total number of outstanding shares of Altria stock diminishes the weight given to this factor. Nevertheless, this factor cuts in favor of Gilbert and Sandys, who combine to hold a 25 times greater financial stake in the outcome.

Next, the quality of pleadings also favors the appointment of Gilbert and Sandys. Although the Court finds that all of the proposed plaintiffs have submitted detailed and thorough complaints, Gilbert and Sandys have submitted more precise and targeted pleadings. For example, Gilbert and Sandys plead with particularity (to include specific dates) that they were shareholders at the time of the transactions complained of — a requirement under Federal Rule of Civ. P. 23.1 — whereas Randolph only pleads in conclusory fashion that she held shares at the time of the transaction. (*Compare* Gilbert Compl. ¶ 22 and Sandys Compl. ¶ 12, *with* Randolph Compl. ¶ 31.) And, while Randolph claims that her inclusion of additional defendants and claims elevates the quality of her pleading (Randolph Compl. at 16), the Court disagrees that

3

more necessarily means better. For example, Randolph faults Gilbert and Sandys for not including Ellen Strahlman as a defendant, yet Randolph admits that Strahlman did not join Altria until November 2020 — after the complained-of transaction. (Randolph Mem. at 16.) Moreover, Randolph's complaint attributes no conduct to Strahlman and, instead, only mentions her to the extent that it lists her as a director. (Randolph Compl. ¶ 45.) As such, this factor weighs in favor of appointing Gilbert and Sandys as the lead plaintiffs.

The vigor of prosecution element also favors the appointment of Gilbert and Sandys. Sandys issued his first pre-suit demand on February 14, 2020, and filed his complaint on August 7, 2020. Gilbert issued his pre-suit demand on April 7, 2020, and filed his complaint on October 1, 2020. Conversely, Randolph did not send her pre-suit demand until December 10, 2020, and did not file her complaint until March 28, 2021. Although the lack of advancement of these cases to date diminishes the weight given to this factor, Gilbert and Sandys' diligence in investigating their claims and initiating their suits favors their appointment as lead plaintiffs. Although none of the relevant factors weigh *strongly* in favor of Gilbert and Sandys, all of them at least somewhat favor Gilbert and Sandys.[2] Accordingly, the Court will appoint them as co-lead plaintiffs. Therefore, the Court must determine which counsel will represent them.

### B. Appointment of Lead Counsel

"[A]bsent extraordinary circumstances, [a lead plaintiff] should be able to select their own counsel." *Dollens v. Zionts*, 2001 WL 1543524, at *6 (N.D. Ill. Dec. 4, 2001). "The selection of lead counsel in a shareholder derivative action filed in federal court is left to the sounds discretion of the court." *Resnik v. Woertz*, 774 F. Supp. 2d 614, 625 (D. Del. 2011); *see also Nally on behalf of 3D Systems Corporations v. Reichental*, 2017 WL 1135122, at *3 (D.S.C.

---

[2] Neither the institutional investor element nor the arrangement on attorney's fees element have relevance here.

4

Mar. 27, 2017) ("It is well-established a court having consolidated actions before it may, in its discretion, appoint Lead Counsel to direct, manage, and prosecute the consolidated actions.") (citing *In re Showa Denko K.K.L-Tryptohan Prod. Liab. Litig.-II*, 953 F.2d 162, 165 (4th Cir. 1992)).

Here, the Court finds no extraordinary circumstances that would warrant depriving Gilbert and Sandys of their chosen counsel. SGS and Scott+Scott have ample experience litigating shareholder derivative actions and have achieved successful outcomes for their clients in the past. This is not to discount the experience and success that Motley Rice and Rigrodsky have achieved in this field, but it supports appointment of the lead plaintiffs' counsel of choice. Additionally, Gilbert and Sandys have raised issues of potential conflicts with Motley Rice bringing this suit on behalf of Altria while simultaneously representing plaintiffs suing Altria in other actions. Although the Court need not decide now whether this disqualifies Motley Rice, as other factors weigh in favor of appointing SGS and Scott+Scott, the possibility of a conflict of interest weighs against the appointment of Motley Rice as lead counsel. Likewise, SGS and Scott+Scott's ability to win the support of the other plaintiffs whose cases the Court consolidated into this action — thereby reducing the number of competing motions for appointment of lead counsel from four to two — cuts in their favor. Moreover, Butler Curwood, the lead plaintiff's chosen liaison counsel, regularly litigates in this Court and has extensive knowledge of the unique rules and procedures of this Court. For these reasons, the Court can discern no reason to disturb Gilbert and Sandys' choice of lead counsel and, therefore, approves of their selections of co-lead counsel and liaison counsel.

For the reasons stated above, the Court hereby GRANTS Gilbert and Sandys' Motion to Appoint Co-Lead Plaintiffs and Approve Co-Lead Plaintiffs' Selection of Co-Lead and Liaison

Counsel (ECF No. 60) and hereby DENIES Randolph's Motion for Appointment of Lead Plaintiff, Lead Counsel, and Liaison Counsel (ECF No. 62). The Court hereby APPOINTS Eric Gilbert and Thomas Sandys as Co-Lead Plaintiffs and hereby APPOINTS Shuman, Glenn & Stecker and Scott+Scott Attorneys at Law LLP as Co-Lead Counsel and Butler Curwood PLC as Liaison Counsel.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: May 13, 2021