IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

IN RE ALTRIA GROUP, INC. DERIVATIVE LITIGATION

Lead Case No. 3:20cv772 (DJN)

### ORDER
### (Preliminarily Approving Settlement and Scheduling Final Approval Hearing)

WHEREAS, shareholder derivative litigation is pending in this Court entitled *In re Altria Group, Inc. Deriv. Litig.*, Lead Case No. 3:20-cv-00772 (DJN) (the "Federal Action");

WHEREAS, shareholder derivative litigation entitled *In re Altria Group, Inc. Deriv. Litig.*, Case No. CL20-7051 (the "Consolidated State Action"), *Cohen v. Willard*, Case No. CL20-7051, *Braunstein v. Gifford*, Case No. CL21-3490, *Lopez v. Casteen*, Case No. CL21-4137, *Dalton v. Surgner*, Case No. CL21-5548, and *McCollum v. Gifford*, Case No. CL21-5732 is pending in the Virginia Circuit Court of Henrico County, and *Merritts v. Casteen, et al.*, Case No. CL21-1093 is pending in the Virginia Circuit Court of Albemarle County (collectively the "State Actions") (together with the Federal Action, the "Litigations");

WHEREAS, Altria Group, Inc. ("Altria" or the "Company") shareholders, including Eric Gilbert ("Gilbert"), Thomas Sandys ("Sandys"), David Hamilton ("Hamilton"), Maria Cecilia Lorca ("Lorca") (collectively with Gilbert, Sandys, and Hamilton, the "Federal Plaintiffs"), Lawrence B. and Minda W. Cohen (the "Cohens"), Edward Ashi Braunstein ("Braunstein"), Jerry E. Dalton ("Dalton"), Portia McCollum ("McCollum"), Richard Merritts ("Merritts") (collectively with the Cohens, Braunstein, Dalton, McCollum, and Eugene Lopez, the "State Plaintiffs," and, collectively with the Federal Plaintiffs, the "Plaintiffs"), John Pietrobon

("Pietrobon"), Linwood W. Jones ("Jones"), Margaret A. Randolph ("Randolph"), the Margaret A. Randolph Revocable Trust U/A 03/06/97 (the "Randolph Trust"), James Rizzolo ("Rizzolo"), and Jonathan Raul ("Raul"), have made shareholder litigation and books-and-records demands on behalf of or against Altria (the "Demands") (together with the Litigations, the "Actions");

WHEREAS, (1) the Plaintiffs; (2) Altria and all current and former Altria officers, directors, and employees named in any of the Actions, including Dinyar S. Devitre ("Devitre"); Debra J. Kelly-Ennis ("Kelly-Ennis"); W. Leo Kiely III ("Kiely"); Kathryn B. McQuade ("McQuade"); George Muñoz ("Muñoz"); John T. Casteen III ("Casteen"); Mark E. Newman ("Newman"); Nabil Y. Sakkab ("Sakkab"); Virginia E. Shanks ("Shanks"); Ellen R. Strahlman ("Strahlman"); the estate of Thomas F. Farrell II ("Farrell"); William F. Gifford, Jr. ("Gifford"); Howard A. Willard III ("Willard"); Kevin C. Crosthwaite, Jr. ("Crosthwaite"); W. Hildebrandt Surgner, Jr. ("Surgner"); Jody L. Begley ("Begley"); and Ivan S. Feldman ("Feldman") (collectively, the "Altria Defendants"); and (3) Juul Labs, Inc. ("JLI"), and all current and former JLI officers, directors, employees, and investors named in any of the Actions, including: Adam Bowen ("Bowen"); James Monsees ("Monsees"); Kevin Burns ("Burns"); Riaz Valani ("Valani"); Nicholas J. Pritzker ("Pritzker"); and Hoyoung Huh ("Huh") (the "JLI Defendants," and together with the Altria Defendants, the "Defendants") (together with the Plaintiffs, the "Parties") have entered into the Amended Stipulation and Agreement of Settlement (the "Stipulation") dated October 18, 2022, which sets forth the terms and conditions of the proposed settlement (the "Settlement") that provides for a complete dismissal with prejudice of the Litigations, withdrawal of the Demands, a bar on further derivative litigation, and the release of the Released Claims on the terms and conditions set forth therein, subject to the approval of this Court;

WHEREAS, in accordance with the terms of the Stipulation, Federal Co-Lead Plaintiffs' Counsel filed an unopposed motion for an order preliminarily approving the Settlement and entry of this Preliminary Approval Order; approving the form, content, and method of providing notice of the Settlement to Current Altria Shareholders; and scheduling the date and time for the Settlement Hearing, as defined herein;

WHEREAS, in accordance with the terms of the Stipulation, the Parties request that the Court hold the Settlement Hearing sixty (60) days after the deadline for the provision of Notice;

WHEREAS, the Court has read and considered the Stipulation and its exhibits, including: (i) the proposed Notice of Pendency and Proposed Settlement of Derivative Actions (the "Notice"); (ii) the proposed Summary Notice of Pendency and Proposed Settlement of Derivative Actions (the "Summary Notice"); and (iii) the proposed Order and Final Judgment finally approving the Settlement (the "Judgment").

Finding that substantial and sufficient grounds exist for entering this Order, the Court hereby ORDERS as follows:

1. This Order incorporates by reference the definitions in the Stipulation and, unless otherwise defined in this Order, all capitalized terms used in this Order shall have the same meaning as set forth in the Stipulation.

2. The Court preliminarily approves the Settlement on the terms set forth in the Stipulation, subject to further consideration at a hearing to be held before the Court on January 20, 2023, at 11:00 a.m, in person at the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219 (the "Settlement Hearing"), to consider whether the Judgment, substantially in the form of Exhibit E to the Stipulation, should be entered: (i) approving the terms of the Settlement as fair, reasonable, and adequate and in the

3

best interests of Altria and Altria's shareholders; (ii) dismissing with prejudice the Federal Action against Defendants pursuant to the terms of the Stipulation; and (iii) ruling upon Federal Co-Lead Plaintiffs' Counsel's application for a Fee and Expense Award and Service Awards.

3. The Court expressly reserves the right to adjourn the Settlement Hearing, or any adjournment thereof, without any further notice to Current Altria Shareholders other than an announcement at the Settlement Hearing or at any adjournment of the Settlement Hearing. The Court expressly reserves the right to approve the proposed Settlement with such modifications as the Parties may agree to without further notice to Current Altria Shareholders. The Court reserves the right to enter its Judgment approving the Settlement and dismissing the Released Plaintiffs' Altria Claims and the Released Plaintiffs' JLI Claims against the Defendants with prejudice regardless of whether the Court has awarded the Fee and Expense Award. The Court also reserves the right to extend any of the deadlines set forth in this Order without further notice to Current Altria Shareholders.

4. The Court approves the form, content, and requirements of the Notice attached to the Stipulation as Exhibit C and the Summary Notice attached to the Stipulation as Exhibit D, and finds that the dissemination of the Notice and Summary Notice, substantially in the manner and form set forth in this Order, meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process, and constitutes due and sufficient notice of all matters relating to the Settlement.

5. Within twenty-one (21) days of the Court's entry of this Order (such deadline, the "Notice Date"), Altria shall cause: (i) the filing of the Stipulation and Notice with the U.S. Securities and Exchange Commission (the "SEC") on Form 8-K; (ii) publication of the Summary Notice once in the Wall Street Journal; and (iii) publication of the Stipulation and Notice on the

"Investor Relations" page of Altria's corporate website, to be maintained until the date the Court enters the Final Judgment and Order in connection with the Settlement. Altria shall be responsible for providing notice of the Settlement in such form and manner as directed by the Court, and Altria shall bear all costs of such notice. No party other than Altria shall bear any responsibility for the costs of notice.

6. At least seven (7) calendar days prior to the Settlement Hearing, Altria shall file with the Court an appropriate affidavit or declaration with respect to filing of the Form 8-K, publication of the Summary Notice, and posting of the Notice and Stipulation.

7. Any Person who owned Altria stock as of October 18, 2022, and who continues to hold such Altria common stock as of the date of the Settlement Hearing may appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved; why the Judgment should not be entered thereon; or why Federal Co-Lead Plaintiffs' Counsel's application for the Fee and Expense Award and Service Awards should not be granted; provided, however, that no such Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Judgment to be entered approving the same, or the application for the Fee and Expense Award and Service Awards, unless such Person has filed with the Clerk of the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219, and served (by hand, first-class mail, or express service) on Co-Lead Federal Plaintiffs' Counsel and counsel for Defendants, a written and signed notice of objection that includes: (i) the objector's name, address, and telephone number (and if represented, that of his, her, or its counsel), along with a representation as to whether the objector intends to appear at the Settlement Hearing; (ii) proof that the objector owned shares of Altria common stock as of October 18, 2022, and continues to hold such Altria stock; (iii) a statement

of the objections to any matters before the Court, the grounds for the objections or the reasons for the objector's desiring to appear and be heard, as well as all documents or writings the objector desires the Court to consider, including any legal and evidentiary support; and (iv) if the objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identities of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the Settlement Hearing. Any such objection must be filed with the Court and received by the below-noted counsel by no later than twenty-one (21) days prior to the Settlement Hearing:

> Kip B. Shuman
> SHUMAN, GLENN & STECKER
> 100 Pine Street, Ste. 1250
> San Francisco, CA 94111
> Tel.: (303) 861-3003
> Fax: (303) 536-7849
> kip@shumanlawfirm.com
>
> Geoffrey M. Johnson
> SCOTT+SCOTT ATTORNEYS AT LAW LLP
> 12434 Cedar Road
> Cleveland, OH 44106
> Tel.: (216) 229-6088
> Fax: (216) 229-6092
> gjohnson@scott-scott.com
>
> *Federal Co-Lead Counsel for Plaintiffs*
>
> Stephen R. DiPrima
> Jacob Miller
> WACHTELL, LIPTON, ROSEN & KATZ
> 51 West 52nd Street
> New York, NY 10019
> Telephone: (212) 403-1000
> Facsimile: (212) 403-2000
> SRDiPrima@wlrk.com
> JMiller@wlrk.com
>
> *Counsel for Nominal Defendant Altria Group, Inc.*

8. Documentation establishing ownership of Altria common stock must consist of copies of monthly brokerage account statements, or an authorized statement from the objector's broker containing the information found in an account statement.

9. Any Person who fails to object in the manner described above shall be deemed to have waived the right to object to any aspect of the proposed Settlement, the Fee and Expense Award and Service Awards (including any right of appeal or collateral attack); be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement, or the Fee and Expense Award and Service Awards; and be deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding with respect to any matters concerning the Settlement or the Fee and Expense Award and Service Awards.

10. Federal Co-Lead Plaintiffs shall file and serve papers in support of final approval of the proposed Settlement, and shall file and serve papers in support of their application for the Fee and Expense Award and Service Awards, by no later than thirty-five (35) calendar days prior to the Settlement Hearing; any objections thereto shall be filed and served no later than twenty-one (21) days prior to the Settlement Hearing. If reply papers are necessary, they are to be filed and served by no later than seven (7) days prior to the Settlement Hearing. Parties shall be permitted to file reply papers regardless of whether they filed opening papers in support of the proposed Settlement. Only a single application for the Fee and Expense Award shall be filed on behalf of all Plaintiffs and Plaintiffs' Counsel.

11. The Court stays all proceedings in the Federal Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

12. Pending final determination of whether the Settlement is approved, the Court bars and enjoins all Plaintiffs and each and every other Altria shareholder, in their capacities as such, derivatively on behalf of Altria, and on behalf of themselves and their respective agents, spouses, heirs, executors, administrators, personal representatives, predecessors, successors, transferors, transferees, representatives, and assigns, in their capacities as such, from asserting, commencing, pursuing or prosecuting against the Altria Releasees or the JLI Releasees any and all Released Plaintiffs' Altria Claims and any and all Released Plaintiffs' JLI Claims, and any other derivative litigation or demands, including books-and-records demands, arising out of or relating to any of the facts, allegations, practices, events, claims, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances that were alleged or referred to in any of the complaints filed in the Actions or in any Demands.

13. Neither the Stipulation (including any exhibits attached thereto), nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Parties or of the validity of any Released Claims; or (ii) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and

8

except that the Released Persons may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Pursuant to *Kokkonen v. Guardian Life*, 511 U.S. 374 (1994), the Court will retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the Stipulation, and the Parties and their undersigned counsel submit to the jurisdiction of the Court for purposes of implementing, interpreting, and enforcing the Settlement embodied in the Stipulation.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: October 26, 2022