IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

IN RE ALTRIA GROUP, INC. DERIVATIVE LITIGATION

Lead Case No. 3:20cv772 (DJN)

**<u>ORDER AND FINAL JUDGMENT</u>**

WHEREAS, shareholder derivative litigation is pending in this Court entitled *In re Altria Group, Inc. Deriv. Litig.*, Lead Case No. 3:20-cv-00772 (DJN) (the "Federal Action");

WHEREAS, shareholder derivative litigation entitled *In re Altria Group, Inc. Deriv. Litig.*, Case No. CL20-7051 (the "Consolidated State Action"), *Cohen v. Willard*, Case No. CL20-7051, *Braunstein v. Gifford*, Case No. CL21-3490, *Lopez v. Casteen*, Case No. CL21-4137, *Dalton v. Surgner*, Case No. CL21-5548, and *McCollum v. Gifford*, Case No. CL21-5732 is pending in the Virginia Circuit Court of Henrico County, and *Merritts v. Casteen, et al.*, Case No. CL21-1093 is pending in the Virginia Circuit Court of Albemarle County (collectively the "State Actions") (together with the Federal Action, the "Litigations");

WHEREAS, Altria Group, Inc. ("Altria" or the "Company") shareholders, including Eric Gilbert ("Gilbert"), Thomas Sandys ("Sandys"), David Hamilton ("Hamilton"), Maria Cecilia Lorca ("Lorca") (collectively with Gilbert, Sandys, and Hamilton, the "Federal Plaintiffs"), Lawrence B. and Minda W. Cohen (the "Cohens"), Edward Ashi Braunstein ("Braunstein"), Jerry E. Dalton ("Dalton"), Portia McCollum ("McCollum"), Richard Merritts ("Merritts") (collectively with the Cohens, Braunstein, Dalton, McCollum, and Eugene Lopez, the "State Plaintiffs," and, collectively with the Federal Plaintiffs, the "Plaintiffs"), John Pietrobon ("Pietrobon"), Linwood W. Jones ("Jones"), Margaret A. Randolph ("Randolph"), the Margaret

A. Randolph Revocable Trust U/A 03/06/97 (the "Randolph Trust"), James Rizzolo ("Rizzolo"), and Jonathan Raul ("Raul"), have made shareholder litigation and books-and-records demands on behalf of or against Altria (the "Demands," and together with the Litigations, the "Actions");

WHEREAS, (1) the Plaintiffs; (2) Altria and all current and former Altria officers, directors, and employees named in any of the Actions, including Dinyar S. Devitre ("Devitre"); Debra J. Kelly-Ennis ("Kelly-Ennis"); W. Leo Kiely III ("Kiely"); Kathryn B. McQuade ("McQuade"); George Muñoz ("Muñoz"); John T. Casteen III ("Casteen"); Mark E. Newman ("Newman"); Nabil Y. Sakkab ("Sakkab"); Virginia E. Shanks ("Shanks"); Ellen R. Strahlman ("Strahlman"); the estate of Thomas F. Farrell II ("Farrell"); William F. Gifford, Jr. ("Gifford"); Howard A. Willard III ("Willard"); Kevin C. Crosthwaite, Jr. ("Crosthwaite"); W. Hildebrandt Surgner, Jr. ("Surgner"); Jody L. Begley ("Begley"); and Ivan S. Feldman ("Feldman") (collectively, the "Altria Defendants"); and (3) Juul Labs, Inc. ("JLI"), and all current and former JLI officers, directors, employees, and investors named in any of the Actions, including: Adam Bowen ("Bowen"); James Monsees ("Monsees"); Kevin Burns ("Burns"); Riaz Valani ("Valani"); Nicholas J. Pritzker ("Pritzker"); and Hoyoung Huh ("Huh") (the "JLI Defendants," and together with the Altria Defendants, the "Defendants") (together with the Plaintiffs, the "Parties") have entered into the Amended Stipulation and Agreement of Settlement (the "Stipulation") dated October 18, 2022, as amended by the Amendment to the Amended Stipulation and Agreement of Settlement ("Amendment") dated February 13, 2023 (together with the Stipulation, the "Amended Stipulation"), which sets forth the terms and conditions of the proposed settlement (the "Settlement"), that provides for a complete dismissal with prejudice of the Litigations, withdrawal of the Demands, and the release of the Released Claims on the terms and conditions set forth therein, subject to the approval of this Court;

2

WHEREAS, by Order dated October 26, 2022, ("Preliminary Approval Order"), this Court: (i) preliminarily approved the Settlement; (ii) ordered that notice of the proposed Settlement be provided to Current Altria Shareholders; (iii) provided any Person who owned Altria stock as of October 18, 2022, and continued to hold such Altria common stock as of the date of the Settlement Hearing with the opportunity to object to the proposed Settlement and/or Federal Co-Lead Plaintiffs' Counsel's application for a Fee and Expense Award and Service Awards; and (iv) scheduled a hearing regarding final approval of the Settlement ("Settlement Hearing");

WHEREAS, on December 30, 2022, an objection to the Settlement was filed by four Altria shareholders (the "Objectors");

WHEREAS, on January 20, 2023, after full briefing, the Court held the Settlement Hearing to consider, among other things, whether Judgment should be entered: (i) finally approving the terms of the Settlement as fair, reasonable, and adequate; (ii) dismissing with prejudice the Federal Action against Defendants pursuant to the terms of the Stipulation; and (iii) ruling upon Federal Co-Lead Plaintiffs' Counsel's application for a Fee and Expense Award and Service Awards;

WHEREAS, by Order dated January 23, 2023, the Court denied two of the Objectors' three objections to the Settlement, sustained a third, and continued the Settlement Hearing until February 16, 2023;

WHEREAS, on February 10, 2023, counsel for the Objectors informed the Parties that certain agreed revisions would resolve their objection to the settlement;

WHEREAS, on February 13, 2023, the Parties executed the Amendment;

WHEREAS, on February 16, 2023, the Court held the Settlement Hearing;

3

Reasonable and adequate notice having been given to Current Altria Shareholders as required in the Preliminary Approval Order, and the Court having considered all of the papers filed and proceedings had in this matter and otherwise being fully informed and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Amended Stipulation and, unless otherwise defined in this Judgment, all capitalized terms used in this Judgment shall have the same meaning as set forth in the Amended Stipulation.

2. The Court has jurisdiction over the subject matter of the Actions, including all matters necessary to effectuate the Settlement, and over all Parties.

3. The Court finds that: (a) the publication of the Summary Notice in the Wall Street Journal, the filing of the Stipulation and Notice with the SEC on Form 8-K, and the publication of the Stipulation and Notice on the "Investor Relations" page of Altria's corporate website were implemented in accordance with the Preliminary Approval Order and (b) the method of providing notice of the Settlement and the Settlement Hearing set forth in the Preliminary Approval Order: (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Current Altria Shareholders of the pendency of the Actions, of the effect of the proposed Settlement (including the releases to be provided thereunder), of their right to object to the Settlement and/or Federal Co-Lead Plaintiffs' Counsel's application for a Fee and Expense Award and Service Awards, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iii) fully satisfies the requirements of Rule 23.1(c) of the Federal Rules of Civil Procedure and the requirements of due process.

4. The Court finds that the Settlement set forth in the Amended Stipulation is fair, reasonable, and adequate as to each of the Parties, and hereby finally approves the Settlement in all respects, finds that the Settlement set forth in the Amended Stipulation provides substantial benefits to the Plaintiffs, to Altria and to Current Altria Shareholders, and orders the Parties to perform its terms to the extent the Parties have not already done so.

5. The Federal Action, all claims contained therein, and the Released Claims, are hereby ordered compromised, settled, released, discharged, and dismissed on the merits and with prejudice by virtue of the proceedings in the Federal Action and this Judgment. The Parties are each to bear their own costs, except as otherwise provided in the Amended Stipulation and in connection with any Fee and Expense Award and Service Awards approved by the Court.

6. The terms of the Amended Stipulation and of this Judgment shall be forever binding on the Parties and all Current Altria Shareholders, as well as their respective successors and assigns. Any Current Altria Shareholder who has not timely submitted any actual or potential objection to the Settlement in the manner provided in the Notice is deemed to have waived the right to object to any aspect of the proposed Settlement and the Fee and Expense Award and Service Awards (including any right of appeal or collateral attack); is forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement, or the Fee and Expense Award and Service Awards; and is deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding with respect to any matters concerning the Settlement or the Fee and Expense Award and Service Awards.

7. The Court orders that the releases set forth in the Amended Stipulation shall be effective as of the Effective Date. Accordingly, the Court orders that:

a. Upon the Effective Date, Plaintiffs and each and every other Altria shareholder, in their capacities as such, derivatively on behalf of Altria, and on behalf of themselves and their respective agents, spouses, heirs, executors, administrators, personal representatives, predecessors, successors, transferors, transferees, representatives, and assigns, in their capacities as such ("Shareholder Releasors"), and Altria directly, shall be deemed to have, and by operation of law and Final Order and Judgment shall have, completely, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice the Released Plaintiffs' Altria Claims against the Altria Releasees.

b. Upon the Effective Date, Shareholder Releasors and Altria directly shall be deemed to have, and by operation of law and Final Order and Judgment shall have, completely, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice the Released Plaintiffs' JLI Claims against the JLI Releasees.

c. Upon the Effective Date, the Released Defendants shall be deemed to have, and by operation of law and Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Defendants' Claims against the Released Plaintiffs and shall be forever enjoined from prosecuting the Released Defendants' Claims, excluding claims relating to the enforcement or effectuation of the Settlement or Final Order and Judgment.

d. "Released Plaintiffs' Altria Claims" means any and all claims, rights, demands, obligations, controversies, debts, disputes, damages, losses, actions, causes of action, issues, liabilities, and charges of any kind or nature whatsoever, whether in law or

equity, including both known claims and Unknown Claims, suspected or unsuspected, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law, or any other law, rule, or regulation, whether foreign or domestic, against the Altria Releasees, that (i) were asserted in any of the complaints filed in the Actions or in any Demands, or (ii) could have been asserted by Altria directly, by Plaintiffs directly, or by Plaintiffs or any other Altria shareholder derivatively on behalf of Altria in any court, tribunal, forum, or proceeding, arising out of, relating to, based upon, or involving, directly or indirectly, any of the facts, allegations, practices, events, claims, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances that were alleged or referred to in any of the complaints filed in the Actions or in any Demands, including, without limitation, any such claims based in whole or in part on any allegations relating to Altria's investment in JLI or made in any of the following actions or proceedings: (1) *Klein, et al. v. Altria Group, Inc., et al.*, Case No. 3:20-cv-00075-DJN (E.D. Va.), (2) *In the Matter of Altria Group, Inc.*, Docket No. 9393 (F.T.C.), (3) *In re: Juul Labs, Inc., Marketing, Sales Practice, and Products Liability Litigation*, Case No. 3:19-md-02913-WHO (N.D. Cal.), or (4) any government investigations, actions, or proceedings referenced in the Actions.

      e.     "Released Plaintiffs' JLI Claims" means any and all claims or demands, whether in law or equity, and whether arising under federal or state statutory or common law, or any other law, rule, or regulation, whether foreign or domestic, against the JLI Releasees, that: (i) were asserted on behalf of Altria in any of the complaints filed in the Actions or in any Demands (except claims for contribution or indemnification as

7

provided in the Amended Stipulation); or (ii) are for aiding, abetting, or otherwise facilitating the alleged breaches of fiduciary duty by the Altria Releasees set forth in any of the complaints filed in the Actions or any Demands.

    f.    "Released Defendants" means: (i) Defendants and Defendants' counsel; (ii) the current and former parents (including general or limited partners), affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the Defendants and Defendants' counsel; and (iii) all of the former or current agents, controlling persons, principals, members, managers, managing members, direct or indirect equity holders, employees, officers, directors, trustees, predecessors, successors, attorneys, heirs, insurers, reinsurers, co-insurers, underwriters, accountants, auditors, consultants, other representatives, servants, respective past or present family members, spouses, agents, fiduciaries, corporations, bankers, estates, and advisors of each person and/or entity listed in (i) and (ii), in their capacities as such, and each of their current and former officers, directors, employees, parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees, in their capacities as such.

    g.    "Unknown Claims" means any and all Released Claims that any of the Parties or any Altria shareholder does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, including claims which, if known by him, her, or it, might have affected his, her, or its decision to settle or the terms of his, her, or its settlement with and releases provided to the other Parties, or might have affected his, her, or its decision not to object to this Settlement. With respect to any and all Released Plaintiffs' Altria Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive, and, with respect to Released Plaintiffs' Altria Claims that

8

could have been asserted derivatively by an Altria shareholder, all other Altria shareholders by operation of the Court's judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code § 1542, or any other law of the United States or any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties and each Current Altria Shareholder may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity, but the Parties and each other Current Altria Shareholder derivatively on behalf of the Company shall expressly, fully, finally and forever settle and release, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and the Current Altria Shareholders shall be deemed by operation of the Judgment to have acknowledged,

that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

  h. "Released Defendants' Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, judgments, defenses, counterclaims, offsets, decrees, matters, issues, and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims, which were or which could have been asserted by any of the Defendants in any court, tribunal, forum, or proceeding, whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, and which are based upon, arise out of, relate in any way to, or involve, directly or indirectly, the commencement, prosecution, defense, mediation, or settlement of the Actions, including, but not limited to, discovery produced in the Actions. For the avoidance of doubt, the Released Defendants' Claims shall not include any claims to enforce this Settlement, Final Order and Judgment, or any other document memorializing the Settlement of the Actions and shall not include claims, if any, that any Party may have against its insurer with respect to any payment obligations under this Settlement.

  i. "Released Plaintiffs" means Plaintiffs, Plaintiffs' Counsel, Altria shareholder(s), and any and all of their former or current agents, parents, controlling persons, general or limited partners, members, managers, managing members, direct or indirect equity holders, subsidiaries, affiliates, employees, officers, directors,

10

predecessors, successors, attorneys, heirs, assigns, insurers, reinsurers, consultants, other representatives, servants, respective past or present family members, spouses, agents, fiduciaries, partners, corporations, direct or indirect affiliates, bankers, estates, and advisors, in their capacities as such. Notwithstanding anything to the contrary herein, none of Altria or any of Altria's controlled affiliates shall be Released Plaintiffs.

j. "Released Persons" means, collectively, the Released Defendants and the Released Plaintiffs. "Released Person" means, individually, any of the Released Persons.

8. All Demands are hereby deemed withdrawn.

9. Upon the Effective Date, Shareholder Releasors shall be forever enjoined from pursuing or prosecuting against the Altria Releasees or the JLI Releasees any and all Released Plaintiffs' Altria Claims and any and all Released Plaintiffs' JLI Claims, and any other derivative litigation or demands, including books-and-records demands, arising out of or relating to any of the facts, allegations, practices, events, claims, disclosures, non-disclosures, occurrences, representations, statements, matters, transactions, conduct, actions, failures to act, omissions, or circumstances that were alleged or referred to in any of the complaints filed in the Actions or in any Demands.

10. Neither this Judgment, nor the Amended Stipulation (including any exhibits attached thereto), nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Amended Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Parties or of the validity of any Released Claims; or (ii) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or

omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Judgment, nor the Amended Stipulation, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Amended Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file the Amended Stipulation and/or this Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The Court hereby awards a Fee, Expense and Service Award in the toal amount of $15,295,614.44. Specifically, the Court hereby awards Attorneys' Fees in the amount of $15,000,000, which amount the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' Counsel in accordance with the terms of the Amended Stipulation.[1] The Court hereby awards expenses in the amount of $220,614.44, which the Court finds to be fair and reasonable. Finally, Plaintiffs are each hereby awarded service awards in the amount of $15,000, which the Court finds to be fair and reasonable. Each such service award shall be a separate obligation of Altria and shall not be deducted or disbursed from the fee award or expense award. The entire amount of the Fee, Expense and Service Award ($15,295,614.44) shall remain in the escrow account until the later of (i) the Effective Date or (ii) the date upon which the Fee, Expense and Service Award has become final and non-appealable.

---

[1] The Service Awards paid to the named plaintiffs shall not be deducted from the awarded attorneys' fees or expenses, but rather shall constitute a separate obligation of Altria in the amount of $75,000 — $15,000 for each named plaintiff.

12. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Amended Stipulation or any exhibits attached thereto, to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Altria or Current Altria Shareholders in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

13. The Court retains jurisdiction to consider and resolve any disputes that may arise in connection with any amendment or modification (as permitted in the Amended Stipulation) and with respect to the interpretation, implementation, and enforcement of the terms of the Amended Stipulation and implementation and enforcement of the Settlement, including disputes involving the allocation of attorneys' fees.

14. Pursuant to *Kokkonen v. Guardian Life*, 511 U.S. 375 (1994), the Court will retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the Amended Stipulation, and the Parties and their undersigned counsel submit to the jurisdiction of the Court for purposes of implementing, interpreting, and enforcing the Settlement embodied in the Amended Stipulation.

This Judgment is final and appealable. Let the Clerk file a copy of this Final Order and Judgment electronically and notify all counsel of record.

It is so ORDERED.

The case is now CLOSED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: February 17, 2023