UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

IN RE ALTRIA GROUP, INC.
DERIVATIVE LITIGATION

Civil Action No. 3:20-cv-772 (DJN)

NOTICE OF WITHDRAWAL OF
THEODORE H. FRANK'S MOTION TO INTERVENE AND
MOTION TO RECONSIDER, ALTER, OR AMEND FINAL JUDGMENT

Theodore H. Frank withdraws his motion to intervene and motion to reconsider, alter, or amend final judgment. ECF Nos. 183, 184. Neither HLLI nor Frank have requested or received any compensation for this withdrawal.

Frank brought his motions in good faith and continues to maintain that the both the Settlement and the failure to provide direct notice to shareholders violated Rule 23.1 for the reasons stated in his original papers. (Indeed, the Court previously recognized the attorney-friendly nature of the original proposed Settlement. ECF No. 131 at 4-5.) But Frank's Rule 24 motion to intervene and Rule 60 motion were each premised on the legal principle that his motions were timely because of the lack of prejudice to the parties. *E.g.*, *Hill v. Western Elec. Co.*, 672 F.2d 381, 386 (4th Cir. 1982) ("most important consideration (in passing on an application for intervention) is whether the delay has prejudiced the other parties" (cleaned up)).

While Frank filed his motions in good faith, subsequent revelations by the parties now show that his belief in the absence of prejudice was mistaken. Specifically, Frank believed vacatur at the time of his August filing would not prejudice the parties, because (a) none of the funding commitment was spent; (b) the parties are Altria shareholders, so vacatur would spare them the expense of funding the Settlement; and (c) the parties' constitutionally deficient approach to notice

made them responsible for the need to object after judgment. But Plaintiffs' reply brief reveals prejudice Frank did not know of: Plaintiffs deleted most of their confidential discovery materials, even though the Court's protective order from discovery left open the possibility of preserving key documents and related work product. Because existing precedent considers this added discovery expense prejudicial, Frank concedes for purposes of this case that his motions are untimely and withdraws the motions.

This concludes the case, but to reduce the risk of collateral litigation, Frank documents his good faith in bringing the motions, and refutes the baseless and scurrilous claims of the settling parties that he knew about the Settlement before the Court approved it.

## I. Frank did not know that Plaintiffs' attorneys destroyed their discovery materials and agrees for purposes of this case that this constitutes prejudice that bars intervention.

Intervention must be "timely," which turns on three factors: (1) why the movant was tardy, (2) the suit's progression, and (3) prejudice to the parties. *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014). In the absence of prejudice, a motion is considered prompt and timely. *Hill*, 672 F.2d at 386; *Roane v. Leonhart*, 741 F.3d 147, 152 (D.C. Cir. 2014) ("[I]n the absence of any … prejudice, his motion was timely and he was entitled to intervene as of right."). But if "prejudice is found, the [intervention] motion will be denied as untimely." 7C Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1916 (3d ed. Supp. 2023).

The central premise of Frank's argument for intervention was lack of prejudice. When Frank filed his intervention motion, he believed in good faith based on his investigation that there was no prejudice. Defendants had not spent *any* of the Settlement funds, and Frank was not seeking to claw back hypothetical funds that had been spent. ECF No. 184-2 at ¶ 18; ECF No. 183 at 13. Had Frank been successful in vacating the Settlement, the net effect would have been *returning*

money to the shareholders—to include both Plaintiffs and Defendants. And Frank's tardiness in submitting an intervention motion post-judgment was because the parties failed to provide the same direct notice to shareholders—direct email—that Altria otherwise provides when they want shareholders to learn of information—so the parties had culpability in the delayed objection. *Papilsky v. Berndt*, 466 F.2d 251, 256-60 (2d Cir. 1972).

Frank did not, however, know Plaintiffs' counsel had destroyed significant amounts of material work product that would make it impossible to return the parties to their prejudgment state. Third Declaration of Theodore H. Frank ¶ 7; ECF No. 188 at 12-14; ECF No. 189 at ¶¶ 9-10. He had no reason to suspect this, either, because the discovery protective order "entitled [Plaintiffs' counsel] to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, *even if such materials contain Protected Material* (emphasis added)." ECF No. 111 at ¶ 70. But now that Frank is aware Plaintiffs' counsel destroyed critical discovery-related work product—and to the extent they did so—he assumes *arguendo* intervention and vacatur would prejudice the parties. Third Frank Decl. ¶ 7. Thus, Frank withdraws his motions.

II. **Contrary to the Parties' false accusations, Frank learned of the Settlement on February 26, 2023.**

In replying to Frank's motions to intervene and vacate the Settlement, both Plaintiffs and Defendants falsely accuse Frank of having actual knowledge about the Settlement before February 26, 2023. ECF No. 191 at 2; ECF No. 188 at 4; ECF 184-2 at 4. As "evidence" of this, both parties suggest that counsel at Frank's firm got notice through standing Lexis docket alerts in October 2022. ECF 188 at 4; ECF No. 191 at 2. But the alert would not and did not pick up the preliminary approval order, which was never added to the Lexis "Cases" database (the primary

database used for legal research, which is what the alert monitors). *See* Declaration of Adam Schulman ¶ 2. The settling parties appear to confuse different Lexis products. Adam Schulman uses Lexis alerts for cases indexed in the "Cases" database, and all such documents would have a Lexis-specific citation. The preliminary approval order was not indexed in October 2022 as the parties imply—and indeed it still is not indexed. Schulman Decl. ¶ 2; ECF 188 at 12; ECF No. 191 at 2. In contrast, Lexis CourtLink—which includes case dockets and filings downloaded from PACER—could hypothetically have alerted a user of a docket filing, but only if the user had subscribed to alerts for the specific case. However, neither Schulman nor Frank use CourtLink to track cases (and they do not have access to that service). *Id.* ¶ 7. Frank Bednarz has HLLI's only CourtLink access, but he did not start tracking this case until he manually requested tracking on April 20, 2023. Supp. Frank Decl. ¶ 25 (ECF No. 187). Unlike the parties' speculative suggestions, ECF No. 188 at 11-12, nobody at HLLI received an alert of any kind about the Settlement prior to February 26, 2023. Third Frank Decl. ¶ 9; Schulman Decl. ¶ 11.

Further, Plaintiffs baselessly charge that Frank tailored Schulman's PACER records to hide HLLI's alleged knowledge of this case before February 26. ECF No. 188 at 11-12. Wrong. Schulman disclosed ninety days of PACER records because PACER limits its reports to three month increments. Schulman Decl. ¶ 8. Reports for previous months could not be generated because Schulman did not access PACER in this district before then; copies of these non-reports (messages stating that no PACER transactions request in date ranges from June to December 2022) are attached to Schulman's Declaration accompanying this filing. Schulman Decl. ¶ 8 and Exhibits A & B.

Finally, Plaintiffs point to five articles on *BloombergLaw* and *Law360* that reported on the then-proposed Settlement as "evidence" of Frank's pre-February 2023 knowledge. ECF No. 188

at 11. But these news sites are all paywalled subscription services that charge a hefty fee to access the relevant content. And neither Frank nor anyone else at HLLI has a subscription to either expensive product. Third Frank Decl. ¶ 13. Even if Frank did, the idea that the mere existence of five articles about the Settlement could impute knowledge on him is nonsense. Frank does not have time to read every article about class-action settlements even in the publications he does have access to. Supp. Frank Decl. ¶ 24 (ECF No. 187). This is a meritorious objection to an illegal settlement that will fail at shareholder expense because Frank brought it in August instead of before the objection deadline. Frank would have no reason to impose additional logistical and legal burden on himself to object late—a legal burden that ultimately doomed the filing—if he had timely actual notice of the settlement.

The accusations levied at Frank by the parties regarding his awareness of the Settlement are baseless and wrong. Frank's submissions were truthful and in good faith, as demonstrated by his voluntary withdrawal of the motions upon receiving new information undermining the premises of those motions.

DATED this 12th day of September, 2023.

Respectfully submitted,

*/s/ John M. Andren*
John M. Andren
VA Bar No. 90518
Hamilton Lincoln Law Institute
15841 SW 83rd Avenue
Palmetto Bay, Florida 33157
Telephone: (703) 582-2499
Email: john.andren@hlli.org

*Counsel for Objector Theodore H. Frank*